IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OLIN EARGLE, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | 08 C 1426 |
| v. | ) ) | Judge Darrah |
| B & H SUBS, INC., and DOES 1-10, | ) ) ) ) | Magistrate Judge Keys |
| Defendants. | ) | |

**INITIAL STATUS REPORT**

Per Fed.R.Civ.P. 26(f), the parties (through counsel) met on May 30, 2008, and conferred regarding this litigation, with Thomas E. Soule, counsel for plaintiff, and Eric Samore, counsel for defendant, participating by telephone.  Pursuant to that conference, the parties now present the following status report:

1.    *Claims.*  Plaintiff claims, for himself and a putative class of similarly situated persons, that defendants willfully violated the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. ("FCRA"), as amended by the Fair and Accurate Credit Transactions Act of 2003, P.L. 108-159 ("FACTA").  He specifically claims that he received an electronically printed receipt which did not redact the account number of his credit card, contrary to the requirements of 15 U.S.C. §1681c(g).  Plaintiff seeks the award of statutory damages, costs and attorney's fees as provided for by 15 U.S.C. §1681n.  Defendant denies that it violated the FCRA, FACTA or any other law, and denies that any such violation was committed willfully.

2.    *Pending motions.*  Plaintiff has brought a motion for class certification pursuant to

1

Fed.R.Civ.P. 23. The parties require written and oral discovery prior to briefing the motion for class certification.

      3.    *Settlement*. The parties are not in a position to settle this case at this time. A settlement conference may be beneficial at a later date; the parties undertake to contact the Court should such a conference prove to be necessary or beneficial. Discovery needed prior to a settlement conference would include, but not necessarily be limited to, (a) information on the acquisition of a class list, either from defendant or third parties, (b) any insurance coverage that could provide a recovery to plaintiff and the putative class, (c) the net worth of defendant, and (d) the merits of the case generally.

      4.    *Initial disclosures*. The parties will exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) by June 20, 2008.

      5.    *Discovery plan*.

          a.    Discovery will be required on the facts and merits of the case (including the question of whether defendant's actions were reckless, under *Safeco Insurance Co. of America v. Burr*, 127 S.Ct. 2201 (2007)), and the requirements for certification of a class pursuant to Fed.R.Civ.P. 23. Expert testimony is not expected in this matter at this time, but may prove to be necessary at a later date.

          b.    Plaintiff suggests a fact discovery cutoff date of January 30, 2009. Defendant suggests a fact discovery cutoff date of May 29, 2009.

          c.    The parties expect that motions for summary judgment, in part or in whole, will be filed by the parties. Such motions would be filed three weeks after the close of fact discovery, pursuant to this Court's standing order.

          d.    The parties expect that this case would be ready for trial approximately five months after the close of discovery to be selected by this Court, depending on the date of ruling upon the parties' motions for summary judgment. The parties request a trial date in that time frame on a date convenient to the Court, as well as dates for a final pre-trial conference

        and the filing of a pre-trial order.  The parties expect that a trial would take about five days to complete.

    e.    The parties anticipate that discovery would include information that is properly protectable from disclosure under Seventh Circuit precedent and Fed.R.Civ.P. 26(c).  The parties will be submitting a joint proposed protective order for the Court's consideration.

6.    *Magistrate Judge consent*.  The parties do not unanimously consent to the jurisdiction of a magistrate judge for all proceedings, including trial.

Respectfully submitted,

| | |
|---|---|
| /s/ Thomas E. Soule | /s/ Eric L. Samore |
| Daniel A. Edelman | Eric L. Samore |
| Cathleen M. Combs | Darren P. Grady |
| James O. Latturner | Molly A. Arranz |
| Thomas E. Soule | SmithAmundsen LLC |
| EDELMAN, COMBS, LATTURNER & GOODWIN, LLC | 150 North Michigan Avenue Suite 3300 |
| 120 South LaSalle Street, 18th Floor | Chicago, IL 60601 |
| Chicago, Illinois  60603 | (312) 894-3200 |
| (312) 739-4200 | (312) 894-3210 (FAX) |
| (312) 419-0379 (FAX) | Email: esamore@osalaw.com |
| courtecl@edcombs.com | |
| tsoule@edcombs.com | Rory A Valas |
| | Valas and Associates, P.C. |
| | 250 Summer Street |
| | Boston, MA 02210 |
| | (617) 399-2200 |
| | (617) 399-2202 (FAX) |
| | Email: rav@franchiseelaw.com |

**CERTIFICATE OF SERVICE**

    I, Thomas E. Soule, hereby certify that the preceding was filed with the Court electronically on June 2, 2008, and that the same was served on counsel for defendant, listed above, by operation of the Court's electronic filing system.

                        /s/ Thomas E. Soule
                        Thomas E. Soule